UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10-16340 |
| | ) | |
| JEFFREY W. MILLER and, | ) | Chapter 7 |
| LEONA F. MILLER, | ) | |
| | ) | Judge Pat E. Morgenstern-Clarren |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| ROBERT ANTHONY, | ) | Adversary Proceeding No. 10-1330 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFREY W. MILLER, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

The defendant-debtors Jeffrey and Leona Miller (debtors) move to dismiss the complaint
and pro se plaintiff Robert Anthony opposes the motion.[1]  For the reasons stated below, the
motion to dismiss is denied.  The plaintiff is, however, directed to file an amended complaint by
**September 2, 2011**.

## I.  JURISDICTION

The court has jurisdiction under 28 U.S.C. § 1334 and General Order No. 84 entered by
the United States District Court for the Northern District of Ohio.  This is a core proceeding
under 28 U.S.C. §§ 157(b)(2)(I) and (J).  This decision is within the court's constitutional
authority as analyzed by the Supreme Court in *Stern v. Marshall*, 113 S.Ct. 2594  (2011).

_____

[1]  Docket 39, 41.

## II. DISCUSSION

### A. The Adversary Proceeding

This proceeding was commenced on September 28, 2010. The plaintiff sent a letter to the court stating that he objected to the discharge of any obligation that the debtor Jeffrey Miller owed to him, which correspondence was treated as a complaint. On December 8, 2010, the plaintiff filed a supplemental exhibit which provided additional factual background and included numerous exhibits.[2] The debtors filed their joint answer on January 11, 2011, denying all of the plaintiff's allegations. The answer did not assert that the complaint failed to state a claim.

On April 14, 2011, the court entered a scheduling order which set June 14, 2011 as the discovery deadline and June 28, 2011 as the deadline to file dispositive motions.[3] Later, the trial was scheduled for February 15, 2012.[4] On July 14, 2011, the debtors filed their motion to dismiss.

### B. The Motion

The debtors move to dismiss under Civil Rule 12(b)(6), which provides that a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6) (made applicable by FED. R. BANKR. P. 7012(b)). The purpose of Rule 12(b)(6) is to test the sufficiency of the complaint. Rule 12(b) sets the time limits for raising a Rule 12(b)(6) defense and provides that the defense may be asserted in a responsive pleading if

---

[2] Docket 12.

[3] Docket 27.

[4] Docket 35.

2

one is required.  Alternatively, a party may assert the defense in a separate motion made "before pleading if a responsive pleading is allowed."  FED. R. CIV. P. 12(b).

The debtors did not assert the defense of failure to state a claim in their answer. Consequently, their motion is untimely and need not be addressed on the merits.  Although there is case authority which supports treating an untimely Rule 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings, *see for example Akins v. State Farm Mut. Auto. Ins. Co.*, No. 10-CV-12755, 2011 WL 2843097 at *2 (E.D. Mich. July 15, 2011), that treatment is not warranted here because the debtors filed their motion after the June 28, 2011 deadline for dispositive motions had passed.

The debtors also move to dismiss under Civil Rule 9(b), which provides that:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

FED. R. CIV. P. 9(b) (made applicable by FED. R. BANKR. P. 7009).  They argue that the complaint does not include the required information regarding alleged fraudulent activity.  This request is also based on Rule 12(b)(6) and is subject to the same timing defect discussed above.

The debtors' motion to dismiss is denied for the reasons discussed above.  However, despite its untimeliness, the motion raises real concerns about the sufficiency of the complaint. The plaintiff is representing himself and the letter which constitutes the complaint is unfocused and vague.  Although the complaint and the supplement provide extensive factual allegations and object to the discharge of any obligation owed, the allegations are unfocused and the request for relief is not tied to any Bankruptcy Code provision regarding discharge.  Additionally, although

3

the complaint only refers to Jeffrey Miller, both debtors were served with the complaint and both answered. Consequently, it is unclear whether the plaintiff is seeking relief against one or both debtors. To address these problems, the court orders the plaintiff to file an amended complaint which clearly states: (1) the party or parties against whom he is requesting relief; (2) the relief he is seeking under the Bankruptcy Code; and (3) the particular facts which he believes support that relief. *See Kung v. Ohio Dept. of Ins.*, No. 2:05-CV-1048, 2006 WL 2345533 at *2 (S.D. Ohio Aug. 10, 2006) (noting the court's inherent authority to order the plaintiff to amend his complaint); *Taylor v. City of Cleveland*, No. 1:05CV 2983, 2006 WL 1982968 at n. 3 (N.D. Ohio July 13, 2006) (same). The amended complaint is to be filed by **September 2, 2011**, and the debtors are to file their responsive pleading by **September 16, 2011**. FED. R. CIV. P. 15(a)(2), (3) (made applicable by FED. R. BANKR. P. 7015).

IT IS SO ORDERED.

Pat E. Morgenstern-Clarren
United States Bankruptcy Judge

4